# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN GARRIS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-1144 |
| COVENANT HOUSE ADULT MEDICAL DAYCARE | * | |
| Defendant | * | |

***

## MEMORANDUM

Plaintiff John Garris, who is self represented, filed a complaint (ECF 1), alleging discrimination under the Americans with Disabilities Act ("ADA"). He also submitted an unsigned, undated motion for leave to proceed in forma pauperis ("IFP"). ECF 2. The Court will grant him 28 days from the date of this Order to supplement both filings.

Under Fed. R. Civ. P. 8(a), a pleading that sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To be sure, a complaint need not contain detailed allegations. But, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual

allegation.'" *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

In his complaint, Garris claims defendant violated his rights under the ADA. He maintains that several weeks ago, after attending the Covenant House Adult Medical Daycare Facility for one week, he was told to let staff know and they would "take" him wherever he "had to go." ECF 1 at 2. Garris states that he is African American and the staff are white. He asserts: "Upon expressing my concerns about why I was not taken to other appointments or places, I was told not to return." *Id.* Garris asserts that he was entitled to speak out about "exclusion from services and help," and he adds that "the white staff told me I was kicked out because I shouldn't have opened my mouth." *Id.*

To state a claim under Title II of the ADA, a plaintiff "must allege that (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability." *Spencer v. Early*, 278 Fed. Appx. 254, 261 (4th Cir. 2008). The complaint satisfies none of these criteria.

Garris shall be granted an opportunity to amend the complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a). Garris first must identify the nature of his disability. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Simply using the word "disability," without providing further context, is

insufficient to state an ADA claim, because not every medical diagnosis or condition is considered a "disability" within the meaning of that provision. *See Toyota Motor Mfg., Ky. v. Williams,* 534 U.S. 184, 198 (2002) ("It is insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical diagnosis of an impairment."); *Young v. City of Mt. Rainier,* 238 F.3d 567, 577 (4th Cir. 2001) ("The presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of [liability].").

Next, Garris must address whether he is qualified to receive the benefits of the public service, program, or activity in question. Plaintiff must address how he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability. Specifically, he should provide the dates and the names of the places and appointments for which he was denied transport. Garris is also directed to provide the names of any individuals whom he alleges discriminated against him on the basis of his disability. Garris should explain why this denial was a result of discrimination because of his disability. If Garris intends to claim he was subjected to discrimination because of his race, he must also provide supporting details. And, Garris must state what relief he is requesting.

As to the IFP motion, Garris will be sent a copy of his motion, in order to sign, date, and return it to the court within twenty-eight days of the date of this Order.

Garris is forewarned that failure to comply with this Order will result in dismissal of the complaint, without prejudice, and without further notice.

Finally, *Garris is reminded to write the civil action number that appears on page one on all documents that he files in this matter.*

Date: April 24, 2018

/s/
Ellen L. Hollander
United States District Judge